19 F.3d 470
 Fed. Sec. L. Rep. P 98,122
In re FIRST CAPITAL HOLDINGS CORPORATION FINANCIAL PRODUCTS
SECURITIES LITIGATION.
Marguerite WOLFORD, Plaintiff Class Member/Objector-Appellant,
v.
George GAEKLE, Iris Gaekle; State Action Representatives
Alfred Pappalardo, Linda Glynn, Garman C. Laudermilch, et
al.; Federal Action Representatives Tina Pallas, James W.
Palmiter, Arthur Drucker, et al., Plaintiff-Appellees.
 No. 92-55924.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Feb. 3, 1994.
Decided March 21, 1994.
 
 Lawrence W. Schonbrun, Berkeley, California, for the plaintiff-appellant.
 Elizabeth Joan Cabraser, Lieff, Cabraser, Heimann, San Francisco, California, for the plaintiff-appellee.
 Appeal from the United States District Court for the Central District of California, John G. Davies, District Judge, Presiding.
 Before: SNEED, THOMPSON, and RYMER, Circuit Judges.
 DAVID R. THOMPSON, Circuit Judge:
 
 
 1
 First Capital Holdings Corporation (FCH), through its subsidiaries, issued annuities and life insurance policies to over 500,000 policyholders. Shearson Lehman Brothers, a wholly-owned subsidiary of Shearson Lehman Brothers Holdings, which is a wholly-owned subsidiary of American Express Company, issued many of the policies. In May 1991, FCH fell victim to the crash of the junk bond market. A class action suit followed, pitting policyholders against numerous defendants involved in issuing or selling the policies, including Shearson Lehman Brothers and its parent companies.
 
 
 2
 The district court approved a settlement of the lawsuit. Under the terms of the settlement, policyholders could reinstate policies they had terminated, regain entitlement to full annuity payments and death benefits as provided in their policies, and recover all charges they had paid as a result of early surrender.
 
 
 3
 In a separately negotiated part of the settlement, the defendants agreed to pay $8 million in attorney fees to the attorneys representing the class. The district court approved the payment of these attorney fees.
 
 
 4
 Marguerite Wolford, a member of the class, appeals the order approving payment of attorney fees. We have jurisdiction under 28 U.S.C. Sec. 1291. We dismiss this appeal because Wolford lacks standing.
 
 
 5
 We recognize the long-standing rule that a member of a class generally has standing to appeal a decision of the district court. See, e.g., Marshall v. Holiday Magic, Inc., 550 F.2d 1173, 1176 (9th Cir.1977). We are bound, however, by the longer-standing rule that the power of federal courts to hear cases is always subject to the constraints set forth in Article III of the Constitution. Marbury v. Madison, 5 U.S. (1 Cranch) 137, 173-75, 2 L.Ed. 60 (1803).
 
 
 6
 Article III "requires the party who invokes the court's authority to show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant, and that the injury fairly can be traced to the challenged action and is likely to be redressed by a favorable decision." Valley Forge Christian College v. Americans United for Separation of Church & State, Inc., 454 U.S. 464, 472, 102 S.Ct. 752, 758, 70 L.Ed.2d 700 (1982) (internal quotations omitted).
 
 
 7
 These same criteria apply in determining the question of standing on appeal. United States v. City and County of San Francisco, 979 F.2d 169, 170-71 (9th Cir.1992); See also Didrickson v. United States Dept. of Interior, 982 F.2d 1332, 1338 (9th Cir.1992) (applying these criteria in determining whether an intervenor could bring an appeal).
 
 
 8
 Applying these constitutional constraints, Wolford lacks standing. She cashed in her FCH annuity within the dates prescribed in the class notice, and this technically qualified her for membership in the class. But, at the time she cashed in her annuity she received $38,795.51, which included not only a return of her full investment, but a profit of nearly $6,000 as well. It is undisputed that she paid no penalty, surrender charge, or other fee. She simply suffered no injury, and as a result she lacks standing to pursue this appeal.
 
 
 9
 Appeal DISMISSED.
 
 SNEED, Senior Circuit Judge, dissenting:
 
 10
 I am by no means convinced on the record before us that under no circumstances could Wolford materially profit by an adjustment downward of the fees payable to the attorneys representing the class of which Wolford is a member. Nor am I reasonably certain that Wolford would be called upon to pay were there an upward adjustment of fees.
 
 
 11
 We should remand the case to the district court to permit it to examine the standing of Wolford at some length. These positions are in no way dependent upon an analysis that would impute standing to Wolford because of her general interest in the manner in which fees are set in class actions. Arguably, a class member always retains an interest in attorney's fees, even when her claims have been met in full. Indeed, it could be argued that only at that point does her objectivity become unchallengeable. I do not push the point in this direction, however.
 
 
 12
 I do remain puzzled, however. While the whiff of money being distributed unfairly may be offensive to some class members, even when not otherwise affected, we do apparently assume that its gentle stench nowhere rivals that of bad air or loud noises to adjoining neighbors.